```
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
```
Caption in Compliance with D.N.J. LBR 9004-1(b)

**Jenkins & Clayman**
Eric J Clayman
412 White Horse Pike
Audubon, NJ 08106
(856) 546-9696
Attorney for Debtor

In Re:

Michael H. Laska

debtors

Case No.: __19-23166__

Judge: __ABA__

Chapter: 13

## CHAPTER 13 DEBTOR'S CERTIFICATION IN OPPOSITION

The debtor in this case opposes the following **(choose one)**:

1. ☐ Motion for Relief from the Automatic Stay filed by _____, creditor.

    A hearing has been scheduled for _____, at _____.

    ☒ Motion to Dismiss filed by _____Bonnie L. Howatt_____, creditor.

    A hearing has been scheduled for _____January 14, 2020_____, at __10:00 a.m.__

    ☐ Certification of Default filed by _____.

    I am requesting a hearing be scheduled in this matter.

2. I am objecting to the above for the following reasons **(choose one)**:

    ☐ Payments have been made in the amount of $_____, but have not been accounted for. Documentation in support of attached hereto.

☐ Payments have not been made for the following reasons and debtor proposes repayment as follows **(explain your answer)**:

☒ Other **(explain your answer)**:

Creditor, Bonnie L. Howatt, has filed a 111 paragraph Motion to Dismiss My Case or Convert to Chapter 7. I will respond to each paragraph but, by way of summary, want to state my view on the transaction. This is really a dispute between a friend of mine for over thirty (30) years, Joe Renzetti and his girlfriend, April. The creditor, Bonnie Howatt, is April's mother. She was purchasing a home in Glendora and Joe asked if I could do a complete interior and exterior rehab of the house and Joe advised that he would help me. There were no contracts or the like, Joe made it sound very informal in essence taking advantage of our friendship. I priced out the job at $90,000.00. It is true I received $60,000.00 of the $90,000.00. The payment was for labor and materials. As Joe knows, I am a full-time employee of the Camden County Municipal Utility Authority and do not have the time to do a complete interior and exterior rehab on my own. Instead, I enlisted the help of trusted sub-contractors and, along with my own efforts, completed the exterior and interior rehabilitation of the house. Generally, and if necessary, I can be more explicit with this explanation later, this was a complete interior and exterior rehabilitation. We put on new siding, windows, capping, and a new front door. In the interior, we had new heating and air conditioning installed, new electric service installed, new bathrooms, kitchen with granite, hardwood floors. Much of the previous interior was down to the 2x4s and we put in new sheetrock, painted, installed new interior doors, and got the house ready.

During the course of this work, Joe and April became increasingly hostile towards me. This occurred despite the fact I agreed to give April $1,000.00 for some work she did in the basement and I agreed to give Joe $9,000.00 as a sort of "finder's fee" and also for the work he was doing. I was a little surprised that Joe had virtually no construction skills and was really just a helper at times but, I did pay him the $9,000.00. Then, as the project continued, I was asked for invoices and other proof as to what I paid the contractors and how I came up with the $60,000.00 price. This was not at all what I expected, as this was a $60,000.00 price for material and labor, and I was providing the material and labor by shopping for it and by procuring the right contactors and subcontractors. Eventually, the hostility grew to a point where I knew it would make no sense to accept the final $30,000.00 to work on the final project, another structure. I stopped with the complete interior and exterior construction and, whether it is looked at that I received $60,000.00,

or $50,000.00 (the $60,000.00 less the money I gave to Joe and April), Bonnie Howatt received a wonderful, "brand new house" for much less money than she would ordinarily pay.

Finally, I do want to address the two allegations about my bankruptcy petition. First, it is true that I have a trailer in my driveway. I did not mention it as an asset when I met with Jenkins & Clayman and also when I met with my Chapter 13 Trustee because I did not consider it an asset. I paid about $5,000.00 for the trailer but now the trailer has my name all over it and I can't imagine anyone would really want it so I just keep it in my driveway as a garage. I am going to amend my bankruptcy petition and value it at $500.00 which seems to be about right for its liquidation value. Also, I did not list the sale of my motorcycle. I did go online and list my 1974 Yamaha Motorcycle (which motorcycle I could not start and did not run), and eventually, I was very pleased to find someone willing to pay $200.00 for the motorcycle. This is a third-party who I did not know. I will amend Statement of Financial Affairs #18, but, again, this was a minor transaction.

The Motion to Dismiss or Convert My Case should be denied.

3. I certify under penalty of perjury that the above is true.

Date: 1-6-2020

_____
Debtor's Signature

Date:_____

_____
Debtor's Signature

**NOTES:**

1. Under D.N.J. LBR 4001-1(b)(1), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 7 days before the date of the hearing if filed in opposition to a Motion for Relief from the Automatic Stay or Chapter 13 Trustee's Motion to Dismiss.

2. Under D.N.J. 4001-1 (b)(2), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 14 days after the filing of a Certification of Default.

rev.8/1/15